**Pullease Estate**

*Samuel F. Bonavita,* for accountant.

*John McLaughlin* and *Bernard J. Hessley,* for objector.

WOLFE, P. J., September 24, 1973.—The trustee of the captioned estate has requested a continuance and a stay of his oral deposition requested by the objectants to his accounting for the reasons the court has not determined if the conditions of the court order of June 1, 1960, have been consummated and that objectant, the Most Rev. Alfred M. Watson, Roman Catholic Bishop of Erie, has no standing to file any objections to the account.

The court heard argument on this motion August 28, 1973, and granted 10 days to file legal briefs on the question of the standing of the objectant to question the account and 30 days to file briefs on the issue of assignment of the case to the presiding judge who entered the order on June 1, 1960, so that he may hear and determine if the issue of the cy pres order has been completed.

The motion for continuance and stay of taking of his oral deposition is founded in the trustee's answer

and "new matter" to the objections filed to the account. Preceding this answer and new matter, the trustee filed preliminary objections to the objection to the account filed by the Most Rev. Alfred M. Watson for the reason his affidavit was not attached. His status to file objections was not questioned at that time by the trustee, and there the court, by written opinion, disposed of the objections on March 28, 1973.

We are of the opinion the current motion for continuance and stay to question the standing of the objectant is matter that should have been raised in the preliminary objections and especially so when no notice to plead to the "new matter" was endorsed upon the pleading and no legal issue has been joined. The only case we find to the contrary is in Lawrence G. Chait & Co. v. Republican State Committee, 83 Dauph. 262 (1965), wherein the court held the defendant could raise the defense of the lack of capacity either by preliminary objections or by new matter in the answer, there being no waiver under Pennsylvania Rule of Civil Procedure 1032. Notwithstanding, however, the court there speaks in terms of alternatives and does not go so far as to permit a pleader to move the case along past the point of preliminary objections and then raise the defense under "new matter."

Since this question has been raised under new matter and, notwithstanding we feel it is improper, justice is not being served at the initial pleading stage to summarily dismiss the objections, and for this reason we granted the stay until the matter can be resolved, which we now do.

Decedent's will, paragraph 11, gives rise to this entire dispute. Paragraph 11 of decedent's last will and testament disposes of his residuary estate as follows:

"Eleventh: All the rest, residue and remainder of my estate, real, personal and mixed and wheresoever

situate I give, devise and bequeath unto my said wife, Vincencia Scalise, known as Mrs. Peter Pullease during her natural life and from and immediately after her death, I give and bequeath for the balance of my estate and after the said life estate hereinbefore given to my wife, to an erection of a Catholic Church to be named St. Peter for the benefit of all Italians that reside in Warren, Pennsylvania.

"My Executor shall appoint a committee of six men composed of Italians of Warren, Pennsylvania of good character and morals which they shall choose the place and plan for the erection of the above said church."

Reviewing the opinion of the hearing judge of June 1, 1960, at page 7, we find the following language:

"It is argued by Samuel F. Bonavita, Esq. [trustee in the instant dispute] for himself as petitioner and also as counsel for St. Joseph's Roman Catholic Church, that Peter Pullease's gift of the residue of his estate for the building of a Catholic Church for the benefit of all the Italians that live in Warren, is quite obviously a gift for religious use; that said residue is insufficient to meet the cost of constructing such a church and therefore the general charitable intent or purpose of the testator cannot be carried out in the manner provided; that under the canons of the Roman Catholic Church, a church named St. Peter for the benefit of Italians of Warren could not be erected without the approval of the Bishop of the Diocese, which could not be had under the present circumstances, to-wit: A new St. Joseph's Parish Church has just been completed in Warren at a cost of about $600,000.00 and today the residents of Warren who might be called Italians are practically all of the second, third and even fourth generations, descendents of those who were immigrants from Italy in Peter Pullease's time,

and virtually none can speak and understand only the Italian language. For these reasons, Mr. Bonavita argues, and pursuant to the applicable and statutory case law the cy pres doctrine should be followed in this case, that is, the Court should make a distribution decree which will enable the general charitable intent of Peter Pullease to be carried out 'as near as may be.' "

It seems, therefore, that the trustee in the current dispute was, in 1960, of the opinion that the intent or purpose of testator could not be recognized as he dictated without the approval of the bishop of the diocese, which, in this case, is the objectant to the trustee's account.

The two cases submitted to us by objectant bear out the trustee's 1960 position as found by the court. In Craig Estate, 356 Pa. 564, 567 (1947), the court stated:

"In Pennsylvania the control and disposition of church property is subject to the rules and regulations of the religious body to which the church belongs: Act of June 20, 1935, P. L. 353, 10 PS 81; Canovaro v. Brothers of St. Augustine, 326 Pa. 76; but both that act and the decision cited recognize that donations and gifts in trusts lawfully established by wills or reserved in writing must be preserved and given due effect; and all-sufficient reason being given in Brown v. Hummell, 6 Pa. 86, 95, namely, that the hand of private benevolence be not stayed and checked by the conviction that the will of the donor may not be preserved. See also Tabor Presbyterian Church Dissolution Case, 347 Pa. 263."

More specifically is the case of Canovaro v. Brothers of The Order of Hermits of St. Augustine, 326 Pa. 76, 81 (1937). The court stated:

"Under the canons of the church [Roman Cath-

olic] there can be no such thing as a separate and independent church organization within the Roman Catholic Church, whereby property may be acquired and held in opposition to its laws, canons, rules and regulations, and at the same time be subject to its supervision and control. To create such a status would require special authority from the church itself."

Hence, Canovaro holds the property of the local parish, "is under the jurisdiction of the church through the ordinary, and such property used for church or school purposes is subject to the Roman Catholic canons, unless, perhaps, the trust purposes are embodied in a writing which provides otherwise." These cases, and others, interpret the Act of June 20, 1935, P. L. 353, 10 PS §81, that when any property is transferred or bequeathed for the use of any church, the same is accepted and held subject to the control of the authorities of such church; and so it is in this case. Mr. Pullease devised the residuary of his estate, after a life estate in his wife thereto, to an erection of a Catholic church. The foregoing statute and cases make it clear that this residuary is under the jurisdiction of the Bishop of the Erie Diocese who, in the instant case, is the objectant.

For these reasons, we hold the objections must be dismissed and make the following

## DECREE

And now, September 24, 1973, the Most Rev. Alfred M. Watson as the Roman Catholic Bishop of the Erie Diocese is the proper party in interest and has "standing" in his position as trustee for the property of St. Joseph's Roman Catholic Church, Warren, Pa., to file objections to the account of Samuel F. Bonavita, Esq.

The stay order of the taking of the oral deposition of the trustee of September 10, 1973, is terminated.